IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02260-SKC-NRN

RENEE L. KING,

Plaintiff,

v.

SOUTHWEST HEALTH SYSTEMS, INC.,
KAY CHRISTIAN, and
DOES 1-30 whose true names are unknown,

Defendants.

---

## AMENDED[1] REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS, ECF No. 17

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an order issued by Judge S. Kato Crews, ECF No. 19, referring Southwest Health System, Inc. d/b/a Southwest Memorial Hospital ("SHS") & Kay Christian, PA's Motion to Dismiss, ECF No. 17. The Court has taken judicial notice of the Court's file, considered the applicable federal and state statutes and case law. As set forth below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss, ECF No. 17, be

- **DENIED** as to Claim One (Emergency Medical Treatment & Labor Act, 42 U.S.C. § 1395dd ("EMTALA")) and Claim Three (medical malpractice), and

---

[1] This Amended Report and Recommendation amends and supersedes the Court's June 25, 2024 Report and Recommendation, ECF No. 32. Specifically, the Court finds that Defendants have not adequately demonstrated that a certificate of review is a prerequisite, pursuant to Colo. Rev. Stat. § 13-20-602, to the pursuit of an EMTALA claim.

- **GRANTED** as to Claim Two (failure to comply with the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320(d)(1)–1320(d)(9) ("HIPAA")).

## I. FACTUAL BACKGROUND[2]

On August 23, 2021, Plaintiff was treated at an SHS walk-in clinic for a dog scratch that had turned into cellulitis. ECF No. 6 at 4. When the medication prescribed at the clinic was ineffective, Plaintiff returned to the clinic on September 3, 2021[3] and was then sent to the SHS emergency room, due in part to Plaintiff's history of diverticulitis. *Id.* PA Christian met with Plaintiff and informed her that she would need a CT of her abdomen, but Plaintiff refused. *Id.* Plaintiff told PA Christian that Plaintiff's doctor had previously told Plaintiff she had already had too many CTs, and that Plaintiff "could not handle the iodine contrast dye and appeared to be allergic to it" because the dye had made her sick in the past. *Id.* Plaintiff told PA Christian that her dye allergy was documented in her Electronic Medical Record ("EMR"). *Id.* PA Christian informed Plaintiff that the hospital had more than a hundred dyes they could use that did not contain iodine. *Id.* at 5. Plaintiff requested an MRI instead of a CT, or alternatively, requested to be transferred to a facility that could provide an MRI. *Id.* at 4. PA Christian

---

[2] Unless otherwise noted, all factual allegations are taken from Plaintiff's Amended Complaint, ECF No. 6, and are presumed to be true for the purposes of the Motion to Dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] The Amended Complaint states that Plaintiff entered the emergency room on September 3, 2023. ECF No. 6 at 4. However, all other events occurring around the September 3 incident are alleged to have taken place in 2021. *Id.* The Court therefore assumes that Plaintiff intended to allege that she entered the emergency room on September 3, 2021.

refused to provide an MRI and told Plaintiff that she could not be transferred to another hospital because of Plaintiff's insurance. *Id.* at 4–5.

Plaintiff had bloodwork performed, which came back positive for an infection. *Id.* at 5. Plaintiff then requested IV antibiotics, but PA Christian told Plaintiff that she could not receive IV antibiotics until a CT was performed. *Id.* at 5. PA Christian also refused Plaintiff's requests to see her medical chart and to be hooked up to the telemetry monitoring system. *Id.* Plaintiff alleges that she was pressured and rushed by PA Christian and the radiology department, and reluctantly agreed to a CT using a "new non-iodine contrast dye." *Id.*

Almost immediately upon receiving the contrast dye injection, Plaintiff alleges she entered anaphylaxis—she experienced a burning sensation, skin flushing, muscle contractions, severe nausea, vomiting, chest pain, heart racing, and extreme shortness of breath. *Id.* at 6. PA Christian then attempted to inject Plaintiff with steroids to counteract the anaphylaxis until Plaintiff told PA Christian that she was allergic to steroids, and a nearby nurse took the steroids and stated: "[y]ou are not going to give this woman one more damn thing she is allergic to . . . do you hear me . . . you need to start reading the EMRs!" *Id.* When Plaintiff then asked PA Christian if the contrast dye contained iodine, PA Christian responded that Plaintiff "had it before." *Id.* Plaintiff then received antihistamines and was unconscious for several hours. *Id.*

After being released from the hospital, Plaintiff continued to experience skin burning, distortions in her vision, nausea, high and low blood pressure spikes, disorientation, projectile vomiting, sharp headaches, dehydration, and "possible

pressure from vomiting on the cavernous angioma in her right frontal lobe." *Id.* Plaintiff's symptoms have required additional hospitalizations since the incident. *Id.*

Plaintiff attempted to obtain her medical records from SHS several days after the incident but did not receive them until January 2022, and experienced similar delays in receiving subsequent medical records. *Id* at 6–7. Plaintiff further claims her treatment was improperly documented and billed and alleges the records have been tampered with by SHS staff. *Id* at 7.

## II.  PROCEDURAL HISTORY

Plaintiff initially filed suit on September 1, 2023, and filed the operative Amended Complaint on October 25, 2023. ECF Nos. 1, 6. Plaintiff brings three claims. Claim one alleges that SHS and PA Christian violated their obligations under EMTALA, claim two alleges that SHS failed to comply with HIPAA, and claim three alleges that SHS and PA Christian committed medical malpractice. ECF No. 6.[4] Defendants were served with the Amended Complaint on November 15, 2023, ECF. No. 13, and requested additional time to respond, which Plaintiff did not oppose, and the Court granted. ECF Nos. 14, 15. On January 16, 2024, Defendants moved to dismiss the complaint for failure to submit a Certificate of Review ("Certificate") pursuant to Colo. Rev. Stat. § 13-20-602(1)(a), and failure to state a claim under HIPAA. ECF No. 17. The Court ordered Plaintiff to respond to the Motion to Dismiss on or before February 12, 2024. ECF No. 22.

---

[4] While Plaintiff asserts that 42 U.S.C. § 201 is at issue in this case, *see* ECF No. 6 at 3, she does not allege that either Defendant violated any part of this statute, nor explain how this statute is related to her other claims. Accordingly, the Court does not address this assertion further.

Plaintiff did not file anything until February 26, 2024, when she filed a "Motion for Extension of Time or Continuance," requesting thirty additional days to file "expert report(s) currently due on" February 12, 2024. ECF No. 23 at 1, 5. The motion described the difficulties Plaintiff had experienced in obtaining medical care, and contained attachments including: a letter from SHS to Plaintiff regarding the September 3, 2021 emergency room visit, a letter from Dr. Steven Warren regarding his opinion about Plaintiff's medical history and the September 3, 2021 events, hospital records showing that Plaintiff received an MRI on August 13, 2021 MRI without contrast, and another record appearing to indicate that Plaintiff reacted to iodine with "hives/skin rash." *See generally id.* The Court interpreted Plaintiff's motion as a request to extend her deadline to respond to Defendants' Motion to Dismiss, and extended Plaintiff's response deadline to March 27, 2024. ECF No. 27.

On March 28, 2024, Plaintiff filed an Opposition to Defendant's Motion to Dismiss, ECF No. 28, and a "Certificate of Merit" containing a sworn and notarized statement from Dr. Warren, ECF No. 29. Defendants replied on April 3, 2024. ECF No. 30. The Court conducted a hearing on the motion on May 2, 2024. ECF No. 31. Both Plaintiff and counsel for Defendants appeared via telephone. *Id.*

### III. APPLICABLE LEGAL STANDARDS

#### a. Pro Se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual

5

averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle her to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Rule 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

7

IV. ANALYSIS

    a. **EMTALA and Medical Negligence Claims**

EMTALA provides a private right of action when a hospital fails to (1) conduct an initial examination to determine if an emergency medical condition exists, or (2) stabilize a patient with an emergency medical condition before transporting them elsewhere. *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796 (10th Cir. 2001) (citation omitted). In Colorado, medical malpractice is a negligence action, and as such "the plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury." *Day v. Johnson*, 255 P.3d 1064, 1068–69 (Colo. 2011) (citation omitted).

    i. **Whether a Certificate is Required**

Defendants first argue Plaintiff's EMTALA and medical negligence claims should be dismissed because Plaintiff failed to file an appropriate Certificate with the Court as required under Colo. Rev. Stat. § 13-20-602(1)(a). ECF No. 17. Accordingly, the Court must first determine whether a Certificate is required in this case.

Colo. Rev. Stat. § 13-20-602(1)(a) states in relevant part that "in every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional." Colo. Rev. Stat. § 13-20-602(1)(a). This Certificate must be executed by the plaintiff's attorney (or the plaintiff, if she is pro se),[5] and must declare that

---

[5] Pro se plaintiffs are not exempt from complying with the statute. *See Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

8

> the attorney [or pro se plaintiff] has consulted a person who has expertise in the area of the alleged negligent conduct; and . . . [t]hat the professional . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct, and, based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification.

*Id.* § 13-20-602(3)(a). Medical negligence claims are subject to this state statutory requirement. *See Ward v. Lutheran Med. Ctr.*, No. 18-cv-00232, 2020 WL 4593218, at *3 (D. Colo. Aug. 11, 2020).

Defendants argue that because the Certificate requirement is a substantive rule of law, it applies to professional negligence claims brought in federal court, including EMTALA claims. *See* ECF No. 17 at 3–5. However, Defendants have cited two cases in support of this argument, neither of which apply this requirement to EMTALA claims. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996) (applying Certificate requirement to "professional negligence actions brought in federal court *under diversity jurisdiction*") (emphasis added); Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2004) (applying Certificate requirement to Federal Tort Claims Act claim because "[s]tate substantive law applies to suits brought against the United States under the FTCA."). In fact, at least one court in this District has allowed an EMTALA claim to proceed beyond a motion to dismiss after dismissing the plaintiff's medical malpractice claim for failure to file an adequate Certificate. *Ward*, 2020 WL 4593218, at *5; *see also Bird v. Pioneers Hosp.*, 121 F. Supp. 2d 1321, 1325 (D. Colo. 2000) (citing *Power v. Arlington Hosp. Ass'n*, 42 F.3d 851, 866 (4th Cir. 1994), in which the court "did not read EMTALA's statute of limitations provision as 'expressly or impliedly incorporating state-mandated procedural requirements for EMTALA.'"). Based

9

upon this level of argument, the Court cannot conclude at this stage that the certificate of review requirement applies to EMTALA claims. Apart from the certificate requirement, Defendants make no other argument for dismissal of the EMTALA claim. Accordingly, the Court recommends that Defendants' motion to dismiss the EMTALA claim be denied.

Further, such a Certificate is not required in all medical negligence cases. "Colorado courts have long held that Colo. Rev. Stat. § 13-20-602 requires a plaintiff to file a Certificate only 'for any claim based on allegations of professional negligence *that requires expert testimony to establish a prima facie case*.'" *Coleman v. United States*, 803 F. App'x 209, 212 (10th Cir. 2020) (quoting *Martinez v. Badis*, 842 P.2d 245, 250 (Colo. 1992)); *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016) ("The certificate-of-review requirement therefore applies only if (1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, and (2) expert testimony is necessary to substantiate the claim."); *see also* Colo. Rev. Stat. § 13-20-602(2) ("In the event of failure to file a certificate . . . and if the . . . licensed professional defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate."). If a plaintiff does not file a Certificate, and a defendant "believes expert testimony will be required to establish the plaintiff's professional negligence claim, it may move to require the plaintiff to file a certificate or to dismiss." *Coleman*, 803 F. App'x at 213 (citing Colo. Rev. Stat. §§ 13-20-602(2), 13-20-602(4)). The Court must then determine whether expert testimony, and therefore a Certificate, are required. *See id.*; *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 (Colo. 1999).

Under Colorado law, "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured." *Shelton*, 984 P.2d 623, 627. Here, Defendants argue that expert testimony and a Certificate are required in this case due to complicated medical issues such as the medical indications for the use of a contrasted CT scan, whether Plaintiff should have been transferred to another hospital, and whether the contrast dye caused Plaintiff's anaphylactic reaction. ECF No. 17 at 4. Plaintiff does not dispute that a "doctor's review" is required. ECF No. 28 at 1. The Court ultimately finds that because "the alleged negligence concerns subject matter [not] within the common knowledge or experience of an ordinary person," *see Williams v. Intervention, Inc.*, No. 23-cv-01201-NYW-STV, 2024 WL 1088359, at *8 (D. Colo. Feb. 20, 2024) (citation omitted), expert testimony and a Certificate are required in this case. *See Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003) (holding that expert testimony and Certificate were required in a medical malpractice case where a plaintiff alleged that her medical records indicated she was allergic to a certain medication, a doctor subsequently prescribed her that medication, and she suffered an adverse reaction leading to kidney damage).

    ii.  **Untimely Filing of Certificate**

Defendants argue that Plaintiff's medical malpractice claim should be dismissed because Plaintiff failed to timely file a Certificate with the Court, and Plaintiff did not have good cause for this delay. ECF Nos. 17 at 4; 30 at 2–3.

Colo. Rev. Stat. § 13-20-602(1)(a) requires that a Certificate be filed with the Court "within sixty days after service of the complaint . . . unless the court determines

that a longer period is necessary for good cause shown." Colo. Rev. Stat. § 13-20-602(1)(a). Whether "good cause" exists is a matter solely for the discretion of the trial Court, and is based on "(1) whether the neglect causing the late filing was excusable; (2) whether the moving party had alleged a meritorious defense or claim; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party." *Yadon*, 64 P.3d at 913 (citation omitted). "If a plaintiff determines that expert testimony is not required, no certificate need be filed. If a plaintiff determines that expert testimony is required but that timely filing is not possible, the plaintiff must request an order extending the filing period, for good cause, which request should normally be filed within the sixty-day time period." *Martinez*, 842 P.2d at 250–51 (Colo. 1992). "The statutory scheme recognizes that some flexibility in the application thereof is essential by granting the trial court authority to extend the filing period under compelling circumstances." *Id.* at 251 n.5.

Here, Plaintiff served Defendants with the initial complaint on November 15, 2023. ECF. No. 13. She submitted a "Certificate of Merit" on March 28, 2024—74 days after the statutory deadline of January 16, 2024. ECF No. 29. The Court must therefore determine whether good cause exists for extending the deadline by 74 days.

First, the Court finds that the neglect causing the late filing of the Certificate was generally excusable. Although Plaintiff did not formally request additional time to file a Certificate, she has reported extensive, repeated delays and difficulties in obtaining a referral to a doctor able to evaluate her health issues, and has needed to travel out of state for treatment and diagnosis. ECF No. 23 at 2–4. Plaintiff also states that, due to her pro se status and inability to find legal counsel, she was not previously aware the

12

Certificate requirement. ECF No. 28 at 1–2. It also appears that Plaintiff may have attempted to comply with the Certificate requirement by filing a letter containing Dr. Warren's medical opinion on February 26, 2023. ECF No. 23 at 7–9. The Court also observes that Plaintiff did not object to allowing Defendants more time to respond to the Amended Complaint. ECF No. 14.

Second, the Court finds that Plaintiff's medical malpractice claim is not frivolous on its face, and the fact that a medical doctor has submitted a sworn statement in support of these claims indicates that the claim may be meritorious.

Third, Defendants have not identified any particular prejudice they will suffer by allowing the extension, and the Court finds there is none.

Ultimately, the Court finds that good cause exists for Plaintiff's 74-day delay in filing the Certificate, and the negligence claim should not be dismissed due to the delay. *See Yadon*, 64 P.3d at 913 (trial court erred in denying a plaintiff a 60-day extension to file the Certificate where the physician the plaintiff was originally working with regarding the Certificate became unexpectedly reluctant to participate); *Shelton*, 984 P.2d at 628 (holding that a plaintiff's "good faith belief that her claim could be established without expert testimony constituted good cause"); *Krum v. Chubb Ltd.*, No. 20-cv-03616-RM-GPG, 2022 WL 1558883, at *5 (D. Colo. Jan. 10, 2022) (denying motion to dismiss for failure to file Certificate, where the plaintiff filed a Certificate immediately after defendants filed motion to dismiss (140 days after filing the initial complaint)), *report and recommendation adopted*, No. 20-cv-03616-RM-GPG, 2022 WL 1558885 (D. Colo. Feb. 10, 2022).

### iii. Deficiencies in Certificate

Defendants further argue that Plaintiff's medical malpractice claim should be dismissed because Plaintiff's Certificate fails to satisfy the requirements of Colo. Rev. Stat. § 13-20-602(3)(a). The statute requires that:

A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:

(I)   That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

(II)  That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4).

Colo. Rev. Stat. § 13-20-602(3)(a).[6] Defendants argue that Plaintiff's Certificate is deficient because (1) the Certificate does not state that Dr. Warren is an expert in the practice of emergency medicine in Colorado and (2) the Certificate does not affirm that Dr. Warren reviewed Plaintiff's medical chart. ECF No. 30 at 3–4.

As to Defendants' first argument, "[t]o fulfill the requirements of § 13-20-602(3), the plaintiff's attorney must declare the following: '(1) he or she has consulted an expert; (2) the expert has reviewed the relevant information and has concluded that the plaintiff's claim does not lack substantial justification; and (3) the expert is competent and qualified to opine as to the negligent conduct alleged.'" *Dunn v. Miceli*, No. 14-cv-03068-MSK-NYW, 2015 WL 1868134, at *5 (D. Colo. Apr. 22, 2015) (quoting *RMB*

---

[6] The Court notes that the Certificate in this case is written and signed by Dr. Warren, not Plaintiff. However, Defendants do not argue for dismissal on these grounds, and accordingly, the Court does not consider the issue further.

*Services, Inc. v. Truhlar*, 151 P.3d 673 (Colo. App. 2006)). Colo. Rev. Stat. § 13-64-602 does not "require the consulted expert to be of precisely the same profession or specialty as the licensed professional against whom the charge is leveled, but paragraph 602(3)(c) does direct trial courts to examine the certificate to assure that it identifies the necessary expertise." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 82 (Colo. 2001). "General knowledge in the field" is not enough, rather, "a proper expert has a firm grasp on the appropriate standards, techniques and practices within the profession or specialty about which he or she is opining." *Id.* (citation omitted).

The Certificate states that Dr. Warren is "a practicing medical doctor, who has experience in the medical community and knowledge of the local standard of treatment and care of patients in Montezuma County, State of Colorado." ECF No. 29 at 2. But the Certificate does not provide any information about Dr. Warren's area of specialty, and does not state that he is an expert in any particular area. Accordingly, the Court finds that the Certificate does not "identify the necessary expertise" of Dr. Warren, and accordingly, fails to comply with the requirements of Colo. Rev. Stat. § 13-20-602(3)(a).

Colo. Rev. Stat. § 13-20-602(3)(b) provides that "[t]he court, in its discretion, may require the identity of the . . . licensed professional who was consulted pursuant to [§ 13-20-602(3)(a)(I)] to be disclosed to the court and may verify the content of such certificate of review." Because Plaintiff appears to have made good faith efforts to comply with the Certificate requirement, the Court exercises its discretion, and will order via a separate Minute Order that Plaintiff file a supplemental Certificate which complies with Colo. Rev. Stat. § 13-20-602(3)(a). *See LaSala v. Millard*, No. 19-cv-00857-DDD-SKC, 2021 WL 11637371, at *4 (D. Colo. Apr. 7, 2021) (declining to dismiss medical

malpractice claim due to defective Certificate, and instead requiring the plaintiff to file a new Certificate), *aff'd and remanded sub nom. LaSala v. Baker*, No. 22-1351, 2023 WL 4618348 (10th Cir. July 19, 2023); *Deatley v. Stuart*, No. 13-cv-01140-REB-BNB, 2013 WL 5814122, at *5 (D. Colo. Oct. 28, 2013) (denying motion to dismiss for failure to file certificate of review and instead requiring the plaintiff to file a supplemental Certificate in compliance with Colo. Rev. Stat. § 13-20-602(3)(a)).

### b. HIPAA Claim

Defendants argue that Plaintiff's HIPAA claim must be dismissed as a matter of law because HIPAA does not create a private right of action. ECF No. 17 at 5. Plaintiff concedes that HIPAA does not provide a private right of action. ECF No. 28 at 3. Nonetheless, Plaintiff argues her HIPAA claim is intertwined with two novel and connected causes of action not previously raised: breach of contract and fraud. *Id*. Regarding her allegation of fraud in particular, Plaintiff asks that a decision on her HIPAA claim be withheld until after discovery, so that she may have the opportunity to learn more about Defendants' intent regarding the delivery of her records. *Id.*

The Tenth Circuit has held that HIPAA does not create a private right of action for litigants seeking to obtain their medical files from healthcare providers. *Freier v. Colorado*, 804 F. App'x 890, 891 (10th Cir. 2020). Additionally, Plaintiff's arguments regarding related breach of contract and fraud claims were not alleged in the Complaint and, accordingly, are not currently before the Court. ECF No. 30; *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Consequently, this Court finds that Plaintiff's HIPAA claim should be dismissed.

## V.  CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 17, be

- **DENIED** as to Claim One (EMTALA) and Claim Three (medical malpractice), and
- **GRANTED** as to Claim Two (failure to comply with HIPAA).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 16th day of August, 2024

_____
N. Reid Neureiter
United States Magistrate Judge

17